# CHRIS DANIEL
## HARRIS COUNTY DISTRICT CLERK

DATE 6/11/2015

**NOTICE OF APPEALS**
**ASSIGNMENT OF COURT OF APPEALS**

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

6/11/2015 10:03:33 AM
CHRISTOPHER A. PRINE
Clerk

TO:    1ST COURT OF APPEALS

From:    **Deputy Clerk: MICHELLE LOPEZ**
**Chris Daniel, District Clerk**
**Harris County, T E X A S**

**CAUSE:** 2014-18651

**VOLUME** _____ **PAGE** _____ **OR IMAGE #** 64624382

**DUE** 7/8/2015    **ATTORNEY** 17485200

**NOTICE OF APPEAL HAS BEEN ASSIGNED TO THE** 1ST

**DATE JUDGMENT SIGNED:** 3/10/2015

**MOTION FOR NEW TRIAL DATE FILED** N/A

**REQUEST TRANSCRIPT DATE FILED** N/A

**NOTICE OF APPEAL DATE FILED** 6/7/2015

**NUMBER OF DAYS: ( CLERKS RECORD )** 120

**FILE ORDERED: YES** ☐ **NO** ☒ **IMAGED FILED: YES** ☒ **NO** ☐

**CODES FOR NOTICE OF APPEAL: BC, C, OA**

CHRIS DANIEL
Harris County, District Clerk

By: /s/MICHELLE LOPEZ
**MICHELLE LOPEZ, Deputy**

BC    NOTICE OF APPEAL FILED
BG    NOTICE OF APPEAL FILED – GOVERNMENT
C    JUDGMENT BEING APPEALED
D -    ACCELERATED APPEAL
OA    NO CLERK'S RECORD REQUEST FILED
O    CLERK'S RECORD REQUEST FILED (W/NOTICE OF APPEAL)
NA    AMENDED NOTICE OF APPEAL

NO. 2014-18651

| | | |
|---|---|---|
| ROBERT CARON and | ဒ | IN THE DISTRICT COURT OF |
| SUJATA KIMBERLY CARON | ဒ | |
| Plaintiffs | ဒ | |
| | ဒ | |
| v. | ဒ | HARRIS COUNTY, TEXAS |
| | ဒ | |
| STEPHEN A. SMABY and | ဒ | |
| SHELLEY A. GREENE | ဒ | |
| Defendants | ဒ | 151st JUDICIAL DISTRICT |

## CARON'S NOTICE OF APPEAL

Plaintiffs Robert Caron and Sujata Kimberly Caron desire to appeal from the appealable orders and judgments of the trial court listed below and so file this their Notice of Appeal.

The Appellants are Plaintiffs Robert Caron and Sujata Kimberly Caron.

Appellants desire to appeal from the following orders and judgments of the trial court:

1. Order denying Motion for New Trial signed May 18, 2015;

2. Order dated March 16, 2015, leave to file pleadings denied;

3. Order granting Final Summary Judgment dated March 10, 2015 (the final judgment);

4. Order dated March 2, 2015 denying motion for leave to file amended petition and answer and motion for leave to file a response to summary judgment;

5. Order dated March 2, 2015 denying motion for reconsideration of death penalty sanctions;

6. Order dated March 2, 2015 granting partial summary judgment;

7. Order signed January 12, 2015 granting death penalty sanctions and striking Plaintiffs pleadings;

8. Denial of motion for continuance as to motion seeking death penalty sanctions which was implicitly denied by the trial court granting death penalty sanctions on January 12, 2015;

9. Order granting motion for partial summary judgment signed December 15, 2014;

10.  Order granting motion for partial summary judgment dated November 3, 2014;

11. Order dated October 27, 2014 to remove or cancel notice of lis pendens;

12. Order dated June 16, 2014 granting motion to dissolve injunction.

This appeal is to either of the First or Fourteenth Court of Appeals.

Respectfully submitted,

Law Offices of William E. Ryan
By:/s/ William E. Ryan
   William E. Ryan, Esq.
   ryanattorney@aol.com
   State Bar. No. 17485200
1302 Waugh Drive #631
Houston, Texas 77098-4125
   Telephone: 713-520-0073
ATTORNEY FOR APPELLANTS
ROBERT CARON AND
SUJATA KIMBERLY CARON

.

## CERTIFICATE OF SEREVICE

I hereby certify that a true and correct copy of the above and foregoing Caron's Notice of Appeal has been served on the following counsel of record by U.S. mail on this the 7th day of June, 2015:

Kevin H. George
1130 Lyric Center
440 Louisiana
Houston, TX 77002-4308
Telephone: (713) 655-0200
Attorney for Appellees Shelley L. Greene and Stephen A. Smaby

/s/ William E. Ryan
William E. Ryan

5/13/2015 3:27:17 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 5271507
By: RODRIGUEZ, JIMMY E
Filed: 5/13/2015 3:27:17 PM

Pgs-1

MNTRY

CAUSE NO. 2014-18651

| | | |
|---|---|---|
| ROBERT CARON and | § | IN THE DISTRICT COURT |
| SUJATA KIMBERLEY CARON | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| SHELLEY L. GREENE | § | |
| STEPHEN A. SMABY | § | 151st JUDICIAL DISTRICT |

## ORDER DENYING PLAINTIFFS' MOTION FOR NEW TRIAL

The Court, having considered Plaintiffs' *Motion for New Trial*

("Motion") along with Defendants Shelley L. Greene and Stephen A.

Smaby's Responses and Arguments opposing such Motion, is of the opinion

that the Motion should be DENIED.

It is THEREFORE ORDERED that Plaintiffs' Motion is hereby

DENIED in its entirety.

ENTERED on this _____ day of May, 2015.

Signed: _____
5/18/2015

_____
Honorable Michael Engelhart

CAUSE NO. 2014-18651

| | | |
|---|---|---|
| ROBERT CARON and | § | IN THE DISTRICT COURT |
| SUJATA KIMBERLY CARON | § | |
| | § | HARRIS COUNTY, TEXAS |
| vs. | § | |
| | § | 151st JUDICIAL DISTRICT |
| SHELLEY L. GREEN and | § | |
| STEPHEN A. SMABY | § | |

## MOTION FOR NEW TRIAL

Plaintiffs, Robert Caron and Sujata Kimberly Caron respectfully move for a new trial, and in support of this motion, Plaintiffs would show the following:

1. On December 15, 2014, the Court entered an order granting interlocutory summary judgment in favor of Defendants on their counter-claim for breach of contract. On January 12, 2015, the Court entered death penalty sanctions against Plaintiffs, striking their pleadings and forbidding them from contesting Defendants' claims or defenses. On March 3, 2015, the Court denied Plaintiffs' motion for reconsideration of death penalty sanctions, Plaintiffs' motion for leave to file a response to Defendants' motion for final summary judgment, and Plaintiffs' motion for leave to file an amended response and counter-claims. On March 10, 2015, the Court granted final summary judgment in favor of Defendants. On March 16, 2015, the Court denied Plaintiffs' motion for leave to file a motion for reconsideration of the December 15, 2014 order granting interlocutory summary judgment in favor of Defendants.

2. Plaintiffs move that the Court set aside the orders and judgments set out in the foregoing paragraph and order a new trial.

3. Plaintiffs respectfully contend that the Court erred in entering death penalty sanctions against them when the record shows that the fault for Plaintiffs' failure to fully

respond to discovery requests lay at the feet of Plaintiffs' previous counsel rather than Plaintiffs themselves. The record shows that Plaintiffs provided their counsel with information responsive to Defendants' discovery requests, but that counsel did not prepare or serve responses in a timely fashion. Plaintiffs also provided information in June and July of 2014 directly to Defendants' counsel and to Defendant Stephen Smaby, they provided responsive information and documents directly to them, and they offered to arrange for Defendants to review approximately seventy boxes of responsive documents Plaintiff had in storage. Defendants never responded to Plaintiff's offer.

4. The Court's docket sheet indicates that on December 15, 2014 Plaintiffs were given "one last chance" to fully respond to discovery. Between December and January, Plaintiffs made diligent efforts to retain counsel to assist them in responding to discovery and responding to Defendants' motion for sanctions, contacting nine different attorneys.[1] For reasons of scheduling, holidays, or conflicts, eight of the attorneys contacted could not help. One attorney agreed to help, but backed out the day after the response to the motion for sanctions was due.[2] It was not for lack of trying or out of disdain for the Court that Plaintiffs were unable to comply with the discovery orders.

5. The death penalty sanctions prevented Plaintiff from asserting their best defense and counter-claim with respect to the sales contract - that they were entitled to rescission of the contract and a return of the money they had paid to Defendants. Plaintiffs' previous counsel never told them that Defendants had violated multiple provisions of the

---

[1] See Plaintiffs' Motion for Continuance of Submission Deadlines, filed January 9, 2015, incorporated here by reference.
[2] *Id.*

Texas Property Code, allowing Plaintiffs to rescind the contract.[3] Plaintiffs' previous counsel did not tell them that the contract itself allowed them to rescind and get a refund in the event of Defendants' failure to cure title defects.[4] Had Plaintiffs sought to rescind the contract, they would have prevailed,[5] and Defendants would have had no breach of contract claim. Because they did not know they could rescind the contract, however, they did not seek that remedy until they retained new counsel after the Court had entered death penalty sanctions.

6.      The death penalty sanctions also prevented Plaintiffs from seeking reconsideration of the summary judgment entered in Defendants' favor. At the hearing on the motion the Court stated that because the order was interlocutory a motion for reconsideration would be appropriate when Plaintiffs obtained adequate counsel.[6] Reconsideration of the summary judgment would have been warranted because the Court recognized that Plaintiffs' previous counsel had not adequately represented them. The Court said regarding Plaintiffs' counsel:

> [W]ith all due respect, they seemed like fine gentlemen. They were not serious attorneys in this case. They were - my sense is their specialty was criminal defense or some other area of law; and they were not either willing or prepared to do what was necessary to adequately handle the case. They would come and they would basically not be ready to actually have any sort of substantive discussion about the case.[7]

---

[3] Affidavit of Robert Caron, Exhibit 1.
[4] *Id.*
[5] See discussion of right to rescind in Plaintiffs' Proposed Response to Defendants' Motion for Final Summary Judgment, filed February 20, 2015, at pp. 5-7, incorporated herein by reference.
[6] Transcript of Hearing on December 15, 2014, Exhibit 2, p. 8.
[7] *Id.*, p. 19.

7.      Symptomatic of previous counsel's inadequacy was that he did not file **any** response to Defendants' motion for summary judgment. This failure severely handicapped Plaintiff, Robert Caron, when he appeared on his own behalf at the summary judgment hearing.  He was not allowed to argue any facts controverting those Defendants had included in their motion because no evidence had been submitted on his behalf by his counsel.[8]  Controverting facts do exist and have been raised in other motions filed with the Court.[9] Had any of these facts been raised in the response to Defendants' motion, summary judgment would not have been granted.

8.      Plaintiffs respectfully contend that it was an abuse of discretion to grant summary judgment to Defendants even after acknowledging that Plaintiffs had been poorly served by their counsel and then refusing to reconsider that ruling because of the death penalty sanctions that should not have been entered. The Court erred by granting summary judgment to Defendants on their counter-claims because genuine issues of material fact exist about whether Plaintiffs are entitled to rescind the sales contract and regarding whether Defendants ratified any alleged breach of the lease agreement between the parties and regarding whether Defendants are estopped from recovering for any alleged

---

[8] *Id.*, pp. 14-15.

[9] For example, evidence that the reason Plaintiffs did not pay rent for several months was because they had decided to move out of the property, and so notified Defendants, but that Defendants asked them to stay (Affidavit of Robert Caron submitted in support of Plaintiffs' Motion for Reconsideration of Death Penalty Sanctions); evidence that Defendants had themselves violated the sales contract by refusing to cure title defects (*Id.*); evidence that Defendants terminated the sales contract in January 2015, but in their motion for summary judgment still sought an installment payment of $100,000 that was not due until April (*Id.*); evidence that Defendants committed multiple violations of the Texas Property Code giving Plaintiffs an absolute right to rescind the sales contract and get a refund of all money they had paid to Defendants (*Id.*).

breach of the lease agreement. These fact issues should be submitted to a jury for determination.

9.     In entering any order of sanctions, the Court must consider whether the offensive conduct being sanctioned was attributable to the party to the litigation or to their counsel. *Spohn Hospital v. Mayer*, 104 S.W.3d 878, 882-83 (Tex. 2003); *TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991). At the time this Court ordered death penalty sanctions against Plaintiffs, it did not have before it the complete story regarding the reasons for Plaintiffs' apparent disobedience of the Court's orders. In light of the corrected record, it is clear that Plaintiffs made a good faith effort to respond in a timely fashion to Defendant's discovery requests. The fault for the failure to file proper written responses lies solely at the feet of Plaintiffs' former counsel. Punishing Plaintiffs for the failures of their counsel is not just and is not permissible under Rule 215. *Id.*

### III.     CONCLUSION

For the foregoing reasons Plaintiffs pray that this Court will vacate the judgment in this matter and will grant Plaintiffs a new trial for the grounds stated herein and in the interests of justice and fairness. Plaintiffs ask for such other and further relief to which they may be entitled.

Respectfully submitted,

By: */s/ Mark E. Lewis*
Mark E. Lewis, Attorney at Law
Texas Bar No. 12299100
3730 Kirby Drive
Suite 1030
Houston, TX 77098
Telephone: (713) 936-9285
Facsimile: (832) 916-2400
Mlewis@mlewis-law.com

# CERTIFICATE OF SERVICE

This pleading was served in compliance with Rules 21 and 21a of the Texas Rules

of Civil Procedure on April 9, 2015, to the following party:


Kevin H. George
1130 Lyric Center
440 Louisiana
Houston, TX 77002-4308
Telephone: (713) 655-0200
Facsimile: (713) 655-9035

Attorney for Defendants


## CERTIFICATE OF CONFERENCE

I have conferred with Defendants' counsel regarding this motion. Defendants
oppose the motion.

/s/ Mark E. Lewis

3/11/2015 4:30:13 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 4464172
By: GONZALEZ, VERONICA
Filed: 3/11/2015 4:30:13 PM

Pgs-1

LFPLY

CAUSE NO. 2014-18651

| | | |
|---|---|---|
| ROBERT CARON and | § | IN THE DISTRICT COURT |
| SUJATA KIMBERLEY CARON | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| SHELLEY L. GREENE | § | |
| STEPHEN A. SMABY | § | 151st JUDICIAL DISTRICT |

## ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE MOTION RECONSIDERATION OF THE COURT'S ORDER GRANTING SUMMARY JUDGMENT DATED DECEMBER 15, 2014

The Court, having considered Plaintiffs' *Motion for Leave to File a Motion for Reconsideration of the Court's Order Granting Summary Judgment Dated December 15, 2014* ("Motion") along with Defendants Shelley L. Greene and Stephen A. Smaby's Responses and Arguments opposing such Motion, is of the opinion that the Motion should be DENIED.

It is THEREFORE ORDERED that Plaintiffs' Motion is hereby DENIED in its entirety.

ENTERED on this _____ day of March, 2015.

Signed:
3/16/2015

_____
Honorable Mike Engelhart

2/6/2015 4:31:06 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 4061339
By: GONZALEZ, VERONICA
Filed: 2/6/2015 4:31:06 PM

CAUSE NO. 2014-18651

Pgs-3

PC
7

| | | |
|---|---|---|
| ROBERT CARON and | § | IN THE DISTRICT COURT |
| SUJATA KIMBERLEY CARON | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| SHELLEY L. GREENE | § | |
| STEPHEN A. SMABY | § | 151st JUDICIAL DISTRICT |

## FINAL JUDGMENT

The Court considered Defendants/Counter-Plaintiffs', Shelley L. Greene and

Stephen A. Smaby Motion for Final Summary Judgment ("Motion"). After considering

the Motion, the record in this matter, ~~the responses and replies thereto, if any,~~ the Court ʌ including this Court's Order of January 12, 2015 prohibiting any response by Plaintiffs,

finds that the Motion is meritorious, and should be in all things GRANTED, and it is

therefore:

ORDERED, ADJUDGED AND DECREED, that the Defendants/Counter-

Plaintiffs, Shelley L. Greene and Stephen A. Smaby recover (under their breach of

contract claims) from Plaintiffs/Counter-Defendants, Robert Caron and Sujata Kimberly

Caron, jointly and severally, the sum of Three Hundred and Nine Thousand One Hundred

and Fifteen Dollars and 63/cents ($309,115.68).

IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that

Defendants/Counter-Plaintiffs, Shelley L. Greene and Stephen A. Smaby recover from

Plaintiff/Counter Defendants, Robert Caron and Sujata Kimberly Caron, jointly and

severally, their reasonable and necessary attorney's fees in the sum of Sixty Eight

Thousand and Four Hundred Dollars and ($68,400.00) in addition to monetary sanctions

imposed by this Court in the sum of $ _$1,500 (previously ordered, and incorporated herein)_

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Plaintiffs/ Counter-Defendants, Robert Caron and Sujata Kimberly Caron TAKE NOTHING from any of their claims against Defendants/ Counter-Plaintiffs that were or otherwise could have been asserted in this matter.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendants/Counter-Plaintiffs, Shelley L. Greene and Stephen A. Smaby recover of Plaintiffs/Counter-Defendants, Robert Caron and Sujata Kimberly Caron, jointly and severally conditional appellate attorney's fees of FIFTY THOUSAND AND NO/100 ($50,000.00) in the event of an unsuccessful appeal by the Plaintiff/Counter-Defendants to the Court of Appeals and an additional conditional appellate attorney's fees of TWENTY FIVE THOUSAND AND NO/100 ($25,000.00) in the event of an unsuccessful appeal by the Plaintiffs/Counter-Defendants to the Texas Supreme Court, and the Judgment for the appellate attorney's fees shall bear interest at the post judgment rate of (5%) per annum compounded annually from the date of any such unsuccessful appeal by Plaintiffs/Counter-Defendants.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Plaintiffs/ Counter-Defendants, Robert Caron and Sujata Kimberly Caron claims against Defendants/ Counter-Plaintiffs that were or otherwise could have been asserted in this matter are hereby dismissed with prejudice.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Plaintiffs/Counter-Defendants, Robert Caron and Sujata Kimberly Caron are also jointly

and severally hereby taxed with all costs of court through the date of the signing of this final judgment.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that judgment shall bear interest at the post judgment rate of five percent (5%) per annum from the date of entry until paid.

All relief not expressly granted herein is denied. This judgment disposes of all claims and all Parties and is final and appealable.

Let execution issue.


Rendered and signed this _____, February, 2015.

Signed: 3/10/2015

_____
The Honorable Mike Engelhardt

3/3/2015 2:35:05 PM
Chris Daniel - District Clerk Harris County
Envelope No. 4352863
By: VERONICA GONZALEZ
Filed: 3/3/2015 2:35:05 PM

Pgs-1

LFPLY

CAUSE NO. 2014-18651

| | | |
|---|---|---|
| ROBERT CARON and | § | IN THE DISTRICT COURT |
| SUJATA KIMBERLEY CARON | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| SHELLEY L. GREENE | § | |
| STEPHEN A. SMABY | § | 151st JUDICIAL DISTRICT |

## ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED PETITION AND ANSWER TO COUNTERCLAIMS

The Court, having considered Plaintiffs' *Motion for Leave to File an Amended Petition and Answer to Counterclaims* ("Motion") along with Defendants Shelley L. Greene and Stephen A. Smaby's Responses and Arguments opposing such Motion, is of the opinion that the Motion should be DENIED.

It is THEREFORE ORDERED that Plaintiffs' Motion is hereby DENIED in its entirety.

ENTERED on this _____ day of March, 2015.

Signed: 3/3/2015

_____
Honorable Michael Engelhart

3/3/2015 2:35:05 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 4352863
By: GONZALEZ, VERONICA
Filed: 3/3/2015 2:35:05 PM

Pgs-1

LFPLY

CAUSE NO. 2014-18651

| | | |
|---|---|---|
| ROBERT CARON and | § | IN THE DISTRICT COURT |
| SUJATA KIMBERLEY CARON | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| SHELLEY L. GREENE | § | |
| STEPHEN A. SMABY | § | 151st JUDICIAL DISTRICT |

## ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO RESPOND TO DEFENDANTS' MOTION FOR FINAL SUMMARY JUDGMENT

The Court, having considered Plaintiffs' *Motion for Leave to Respond to Defendants' Motion for Final Summary Judgment* ("Motion") along with Defendants Shelley L. Greene and Stephen A. Smaby's Responses and Arguments opposing such Motion, is of the opinion that the Motion should be DENIED.

It is THEREFORE ORDERED that Plaintiffs' Motion is hereby DENIED in its entirety.

ENTERED on this _____ day of March, 2015.

Signed: _____
3/3/2015

_____
Honorable Michael Engelhart

3/3/2015 2:35:05 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 4352863
By: GONZALEZ, VERONICA
Filed: 3/3/2015 2:35:05 PM

CAUSE NO. 2014-18651

Pgs-1

RECSY

| | | |
|---|---|---|
| ROBERT CARON and | § | IN THE DISTRICT COURT |
| SUJATA KIMBERLEY CARON | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| SHELLEY L. GREENE | § | |
| STEPHEN A. SMABY | § | 151ˢᵗ JUDICIAL DISTRICT |

**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION OF
DEATH PENALTY SANCTIONS**

The Court, having considered Plaintiffs' *Motion for Reconsideration*

*of Death Penalty Sanctions* ("Motion") along with Defendants Shelley L.

Greene and Stephen A. Smaby's Responses and Arguments opposing such

Motion, is of the opinion that the Motion should be DENIED.

It is THEREFORE ORDERED that Plaintiffs' Motion is hereby

DENIED in its entirety.

ENTERED on this _____ day of March, 2015.

Signed:
3/3/2015

_____
Honorable Michael Engelhart

CAUSE NO. 2014-18651

Pgs-3

SANCX
STPLX

| ROBERT CARON and | § | IN THE DISTRICT COURT |
|---|---|---|
| SUJATA KIMBERLEY CARON | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| SHELLEY L. GREENE | § | |
| STEPHEN A. SMABY | § | 151st JUDICIAL DISTRICT |

## DISCOVERY ORDERS

1.    On November 24, 2014, the Court considered Defendants, Shelley L. Greene ("Greene") and Stephen A. Smaby ("Smaby") (collectively the "Defendants") *Motion to Strike and Sanctions* and after considering the arguments and authorities presented by all parties the Court rules and finds as follows:

2.    It is the finding of this Court that Plaintiffs', Robert Caron and Sujata Kimberley Caron (collectively "Plaintiffs") have repeatedly violated Court orders, the latest being this Court's Discovery Order of *October 28, 2014* in which the Court also now incorporates herein the findings set out in that Order.

3.    The Discovery Order of *October 28, 2014* required Plaintiffs to fully and completely respond to *Disclosure Requests, Request for Production of Documents* and *Interrogatories* and pay *monetary sanctions of $1500* to Defendants counsel no later than *November 10, 2014* before 5:00 P.M. This order, like previous orders of this Court, was once again deliberately ignored

by Plaintiffs and conclusively shows this Court that no lesser sanctions would promote compliance of the Plaintiffs with the rules of Civil Procedure and Court orders.

5.  Plaintiffs should not be allowed to benefit from their deliberate misconduct. Instead, the Court having already found that Plaintiffs have engaged in a pattern of abuse, which Plaintiffs continue to refuse to purge themselves from, does now justify striking Plaintiffs pleadings and entering an order refusing to allow Plaintiffs to assert any claims against Defendants or oppose Defendants' claims against Plaintiffs, as authorized by Rule 215.2(b) of Tex. R. Civ. P.

6.  Furthermore it is this Court's finding that the continued pattern of abuse exemplified by Plaintiffs blatant disregard of the discovery process and Court orders now also justifies the presumption that Plaintiffs claims have absolutely no merit. The Court therefore now enters the following decrees and orders:

7.  IT IS ORDERED, ADJUDGED AND DECREED that Plaintiffs, Robert Caron and Sujata Kimberly Caron's Pleadings are hereby stricken and their claims are dismissed with prejudice.

7.  IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Plaintiffs are hereby precluded from alleging, supporting or opposing

any designated claims or defenses, and prohibited from introducing any evidence on such designated matters. [*]

8.    IT IS FURTHER ORDERED that Plaintiffs shall jointly and severally pay by Defendants counsel the reasonable and necessary attorney fees hereby incurred by Defendants in ~~the sum of $xxxxxxxxxx~~ _____ an amount to be determined at a later date.

ENTERED on this _____ day of _____, ~~2014~~

Signed:
1/12/2015

_____
Honorable Mike Engelhart

[*] The Court notes that pro se Plaintiffs have not complied with the Court's discovery orders. The Court notes that one pro se Plaintiff, Mr. Caron, but not the other pro se Plaintiff, filed a document titled "Plaintiffs' Motion for Continuance of Submission Deadlines." Of course, Mr. Caron, a non-attorney, can only represent himself and not the other Plaintiff. More to the point, though the January 6, 2015 email from attorney Daniel Jackson to Mr. Caron merely highlights the continuing failure of Plaintiffs to comply with this Court's orders. That email shows that Mr. Caron appears to have misrepresented this Court's prior orders to attorney Jackson, failed to pay Mr. Jackson the agreed retainer fee, and confirms that Plaintiffs continued to fail to assist their next potential attorney, Mr. Jackson, in answering discovery. This email and Plaintiff Mr. Caron's filing both support the signing of this very order.

```
JUC8H (NR4#)    JUSTICE INFORMATION MANAGEMENT SYSTEM     JUN 11, 2015(C1)
INT6510              CIVIL CASE INTAKE                OPT: _____ - INT
                   GENERAL PARTY INQUIRY             PAGE:   1 -    3

CASE NUM: 201418651__ PJN> __  TRANS NUM: _____ CURRENT COURT: 151 PUB? _
CASE TYPE: TRESPASS TO TRY TITLE          CASE STATUS: DISPOSED (FINAL)
STYLE: CARON, ROBERT                  VS SMABY, STEPHEN
==============================================================================
                    **** INACTIVE PARTIES ****
  PJN  PER/CONN COC  BAR       PERSON NAME            PTY   ASSOC. ATTY
  NUM   NUMBER                                        STAT
_     00011-0001 XDF          CARON, SUJATA KIMBERLEY       PRO-SE
_     00011-0001 PXD 12299100 LEWIS, MARK EDWYNN
_     00010-0001 XPL 07805850 SMABY, STEPHAN               GEORGE, KEVIN
_     00009-0001 XDF          CARON, ROBERT                PRO-SE
_     00009-0001 PXD 12299100 LEWIS, MARK EDWYNN
_     00004-0002 XPL 07805850 GREENE, SHELLEY L            GEORGE, KEVIN
_     00008-0001 DEF          ESFAHANI, JENNIFER
_     00007-0001 DEF          ESFAHANI, MATHEW

==> (18) CONNECTION(S) FOUND
1=ACTIVE      2=ATY. INQ.   3=ACT.ENTRY   4=ISS. SERV.  5=DOC. INQ.
6=CASE INQ.   7=BACKWARD    8=FORWARD     9=PTY. ADDR.  10=REFRESH   11=HELP
```

```
JUC8H (NR4#)    JUSTICE INFORMATION MANAGEMENT SYSTEM    JUN 11, 2015(C1)
INT6510                CIVIL CASE INTAKE             OPT: _____  -  INT
                     GENERAL PARTY INQUIRY           PAGE:   2  -    3

CASE NUM: 201418651__ PJN> __  TRANS NUM: _____ CURRENT COURT: 151 PUB? _
CASE TYPE: TRESPASS TO TRY TITLE          CASE STATUS: DISPOSED (FINAL)
STYLE: CARON, ROBERT                 VS SMABY, STEPHEN
=============================================================================
                     **** INACTIVE PARTIES ****
  PJN   PER/CONN COC  BAR        PERSON NAME             PTY   ASSOC. ATTY
  NUM    NUMBER                                          STAT
_     00006-0001 DEF        SOTHEBY'S, MARTHA TURNER
_     00005-0001 MED 11294450 KENNEDY, MARY KATHERINE
_     00004-0001 DEF 07805850 GREENE, SHELLEY L                GEORGE, KEVIN
_     00003-0001 PLT        CARON, SUJATA KIMBERLEY            PRO-SE
_     00003-0001 PAP 12299100 LEWIS, MARK EDWYNN
_     00003-0001 PAP 24066671 HEALD, CHRISTOPHER BRIAN
_     00002-0001 DEF 07805850 SMABY, STEPHEN                   GEORGE, KEVIN
_     00001-0001 PLT        CARON, ROBERT                      PRO-SE

==> (18) CONNECTION(S) FOUND
1=ACTIVE      2=ATY. INQ.   3=ACT.ENTRY   4=ISS. SERV.  5=DOC. INQ.
6=CASE INQ.   7=BACKWARD    8=FORWARD     9=PTY. ADDR.  10=REFRESH   11=HELP
```

```
JUC8H (NR4#)     JUSTICE INFORMATION MANAGEMENT SYSTEM      JUN 11, 2015(C1)
INT6510                    CIVIL CASE INTAKE               OPT: _____  -  INT
                        GENERAL PARTY INQUIRY              PAGE:   3 -    3

CASE NUM: 201418651__ PJN> __  TRANS NUM: _____ CURRENT COURT: 151 PUB? _
CASE TYPE: TRESPASS TO TRY TITLE            CASE STATUS: DISPOSED (FINAL)
STYLE: CARON, ROBERT                    VS SMABY, STEPHEN
=============================================================================
                       **** INACTIVE PARTIES ****
  PJN   PER/CONN COC  BAR      PERSON NAME                PTY   ASSOC. ATTY
  NUM   NUMBER                                            STAT
 _    00001-0001 PAP 12299100 LEWIS, MARK EDWYNN
 _    00001-0001 PAP 24066671 HEALD, CHRISTOPHER BRIAN




==> (18) CONNECTION(S) FOUND
1=ACTIVE      2=ATY. INQ.   3=ACT.ENTRY   4=ISS. SERV.  5=DOC. INQ.
6=CASE INQ.   7=BACKWARD    8=FORWARD     9=PTY. ADDR.  10=REFRESH   11=HELP
```